UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AVERY SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-3295 |
| | ) | |
| DR. HUFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff filed this case in the Southern District of Illinois from Vienna Correctional Center. The case was transferred to the Central District of Illinois because Plaintiff's claims regard an alleged lack of dental treatment in the Jacksonville Correctional Center, which is in the Central District of Illinois. The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

28 U.S.C. § 1915A requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not

cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

    Plaintiff alleges that before he was transferred to Jacksonville Correctional Center, a prison dentist in Robinson Correctional Center had started a root canal on Plaintiff but was only able to finish 80% of the root canal. Plaintiff asked the dentist at Jacksonville Correctional Center—Dr. Huff—to finish the root canal but Dr. Huff would perform only an extraction. Plaintiff declined the extraction and was treated with penicillin for a tooth abscess. The penicillin helped but did not completely resolve the abscess, so Dr. Huff prescribed another antibiotic—clindamycin. Plaintiff allegedly had an adverse reaction to the clindamycin, but all the

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Defendants ignored Plaintiff's pleas for a different antibiotic. Dr. Huff allegedly refused to prescribed any more antibiotics for the abscess until Plaintiff agreed to have his tooth extracted. After four months of suffering from the abscess, Plaintiff agreed to the extraction. Plaintiff was then given penicillin, which allegedly quickly cleared the abscess.

The Seventh Circuit Court of Appeals has stated that a prison dentist's decision to offer an extraction instead of a root canal does not violate the Constitution. <u>Mathews v. Raemisch</u>, 513 Fed.Appx. 605 (7th Cir. 2013)(not published in Fed.Rptr.)(offering extraction over root canal is just the "choice of one medical procedure over another.") However, whether Dr. Huff exercised his professional judgment cannot be determined without an affidavit from Dr. Huff. This claim remains for further development.

Plaintiff also states an arguable constitutional claim based on the four-month refusal to treat Plaintiff's abscess and conditioning the prescription of antibiotics on Plaintiff's consent to have his tooth pulled.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical/dental needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the

entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **Plaintiff's motion for the Court to appoint counsel is denied (d/e 3).** The Court cannot order an attorney to accept pro bono appointment on a civil case such as this. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff has made reasonable efforts to find counsel, so the question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." Pruitt, 503 F.3d at 655 (7th Cir. 2007). On this record, Plaintiff appears competent to proceed pro se. Plaintiff has

significant experience litigation in federal court. His pleadings adequately convey the factual basis for his claims, and he already has personal knowledge of many of the relevant facts underlying his claims. Plaintiff also has completed some college, according to his motion.

12) **The Clerk is directed to notify the plaintiff's place of imprisonment to send all future filing fee payments on this case to the Clerk of the Court for the Central District of Illinois as this case was transferred to the Central District on December 13, 2017.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14) **Plaintiff's motion for service is denied as moot. (d/e 4.)**

ENTERED: January 22, 2018

FOR THE COURT:

                                                    **s/Sue E. Myerscough**
                                                    SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE